**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

COY EVANS,

  Plaintiff                                      CASE NO.:

-VS-

OCWEN LOAN SERVICING, LLC,

  Defendant

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, COY EVANS (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendant, OCWEN LOAN SERVICING, LLC (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like OCWEN LOAN SERVICING, LLC from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

1

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The current principal place of business of Defendant is in Palm Beach County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Defendant resides.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Pennsylvania, residing in the city of Lansdowne located in Delaware County, Pennsylvania.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Delaware with its principal place of business located at 1661 Worthington Road #100, West Palm Beach, Florida 33409, and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and he received prerecorded messages from Defendant.

12. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (215) *** - 2053, and was the called party and recipient of Defendant's calls.

13. Defendant placed an exorbitant number of calls to Plaintiff's cellular telephone (215) *** - 2053 in an attempt to collect on a mortgage debt.

14. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

15. In or about January of 2014, Plaintiff communicated with Defendant from his aforementioned cellular telephone number, and instructed Defendant's agent to cease calling.

16. During the aforementioned call with Defendant's agent/representative in or about January of 2014, Plaintiff unequivocally revoked any express consent Defendant may have had

3

for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

17. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

18. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

19. Defendant called Plaintiff on a daily basis, including weekends.

20. Defendant called Plaintiff on Plaintiff's cellular telephone approximately five hundred (500) times in an attempt to collect a debt. Due to the volume of calls Plaintiff received over a lengthy period of time, he was not able to properly catalogue each and every call and it is expected that a review of Defendant's records will reflect all of the unwanted calls placed to Plaintiff.

21. Plaintiff explained to Defendant that the debt owed was due to his mother experiencing a stroke.

22. Plaintiff explained to Defendant that he was his mother's power of attorney.

23. Plaintiff grew tired of having to repeatedly explain his mother's medical and financial hardships to Defendant, and requested on more than one occasion that Defendant stop calling Plaintiff.

24. Defendant persisted in calling Plaintiff, interrupting his work as a law clerk.

25. Defendant persisted in calling Plaintiff, interrupting visits with Plaintiff's mother at the nursing home.

26. The calls did not stop until after Plaintiff's mother passed away.

27. The last call Defendant placed to Plaintiff was 2016 or 2017.

28. Plaintiff believes Defendant is now in contact with the executor of his mother's estate.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

31. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

32. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

33. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

34. Defenant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

35. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

36. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

40. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

41. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

44. Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

45. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

46. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, interruption of work, interference with Plaintiff's last visits with his mother, and aggravation.

## **COUNT I**
**(Violation of the TCPA)**

47. Plaintiff fully incorporates and realleges paragraphs one (1) through forty six (46) as if fully set forth herein.

48. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

49. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, COY EVANS, respectfully demands a trial by jury on all issues so triable and judgment against OCWEN LOAN SERVICING, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Octavio Gomez*
Octavio Gomez, Esquire
Florida Bar #: 0338620
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
TGomez@forthepeople.com
JNeal@forthepeople.com
MMartinez@ForThePeople.com
*Attorney for Plaintiff*